O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEO SOLAR DEUTSCHLAND GMBH,<br><br>　　　　Plaintiff,<br>　　v.<br>INNOVATIVE MECHANICAL AND ELECTRICAL, INC.; KARIN THYSSEN and MANFRED HEINZ THYSSEN; and DOES 1–10,<br><br>　　　　Defendants. | Case No. 2:12-cv-2629-ODW(SPx)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS [17]** |

Pending before the Court is Defendants Karin Thyssen and Manfred Thyssen's Motion to Dismiss Plaintiff Aleo Solar Deutschland GmbH's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).[1]  (ECF No. 17.)

## I.  FACTUAL BACKGROUND

Aleo is engaged in the global sale of solar panels and other solar energy related equipment.  (FAC ¶ 1.)  In February 2009, Defendant Innovative Mechanical and Electrical, Inc. and the Thyssens, who are allegedly agents of Innovative, solicited Aleo to provide solar panels for installation on California residences.  (*Id.* ¶¶ 4, 9.)  Innovative ordered two shipments of solar panels from Aleo in February and March of 2009, and received invoices for these shipments.  (*Id.* ¶¶ 10, 14.)

---

[1] Having carefully considered the papers filed in support of and in opposition to this Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

The Thyssens represented to Aleo, by way of telephone calls and email, that they would furnish payment for the shipments within two weeks after they received the panels. (*Id. ¶* 16.) Karin Thyssen further executed an "Assignment of Rebate" with Aleo that purported to assign funds from tax rebates to Aleo as a way to secure payment for the shipments. (*Id. ¶* 17; Ex. 6.) On March 10, 2009, Aleo sent the first shipment of panels to Innovative, complying with the terms of the contract. (*Id.* ¶ 18.) Innovative received the first shipment on April 5, 2009. (*Id.* ¶ 20.) Shortly thereafter, Karin Thyssen informed Aleo that Innovative could not make the payments for the first shipment at that time. (*Id.* ¶¶ 21.)

On May 12, 2009, Aleo sent the second shipment of solar panels to its U.S. warehouse, but because it still had not received payment for the first shipment, Aleo withheld final release of the second shipment to Innovative. (*Id.* ¶¶ 22, 24.) From May through November of 2009, Innovative made partial payments ($61,140.02) for the first shipment, and continuously represented that the remainder of the full payment ($334,916.70) would be forthcoming. (*Id.* ¶¶ 23, 24.) But Aleo never received full payment for the first shipment or any tax rebates. (*Id.* ¶ 23.) In November 2009, Innovative indicated that it no longer wanted the second shipment. (*Id.* ¶ 25.) Aleo eventually resold this shipment to a different customer to mitigate its damages. (*Id.* ¶ 31.)

Based on the above allegations, Aleo asserts three causes of action: (1) breach of contract with respect to the first shipment of solar panels and (2) breach of contract with respect to the second shipment of solar panels—both against Innovative; and (3) fraudulent misrepresentation against all Defendants.

The Thyssens' Motion seeks dismissal of the entire complaint, including the first two causes of action solely against Innovative. This they cannot do. L.R. 83-2.10.1. Because Innovative is a corporation, it must be represented by an attorney. Therefore, to the extent that this Motion addresses dismissal of claims against Innovative, those portions are ignored.

## II. LEGAL STANDARD

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement—to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While specific facts are not necessary so long as the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Iqbal*'s plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," but does not go so far as to impose a "probability requirement." *Id.* Rule 8 demands more than a complaint that is merely consistent with a defendant's liability—labels and conclusions, or formulaic recitals of the elements of a cause of action do not suffice. *Id.* Instead, the complaint must allege sufficient underlying facts to provide fair notice and enable the defendant to defend itself effectively. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 566 U.S. at 679.

When considering a Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Conclusory allegations, unwarranted deductions of fact, and

unreasonable inferences need not be blindly accepted as true by the court. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Yet, a complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts" supporting plaintiff's claim for relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

### III.   DISCUSSION

**A.     Fraudulent misrepresentation**

The elements of a claim for fraudulent misrepresentation are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *City Solutions Inc. v. Clear Channel Commc'ns, Inc.*, 365 F.3d 835, 839 (9th Cir. 2004). Pleadings for fraudulent misrepresentation are subject to a heightened standard, requiring a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Particularity means that averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Aleo alleges that the Thyssens represented that they would furnish payment towards the first shipment within two weeks of receiving the solar panels. (FAC ¶ 51.) Aleo also pleads that the Thyssens were aware that they had no intention of making any payment within the required time period, or assigning the tax rebates to Aleo under the "Assignment of Rebate." (*Id.* ¶¶ 52, 54.) Aleo further alleges that the Thyssens made these representations for the purpose of inducing shipment of the solar panels, and making money from the installation of these solar panels at Aleo's expense. (*Id.* ¶ 55.) Finally, Aleo sets forth that it suffered damages resulting from the Thyssens' failure to fully pay for the first shipment of panels, and from the shipping and storage costs of the second shipment. (*Id.* ¶¶ 29, 30.) When viewed in sum, these allegations of fraudulent misrepresentation are sufficient to withstand a motion to dismiss, and suggest that the Thyssens actively deceived Aleo to its

detriment. Thus, the Court finds that Aleo's First Amended Complaint satisfies the heightened pleading standard for the fraudulent misrepresentation claim.

**B.      Thyssens' capacity to be sued as individuals**

The Thyssens also contend that they should not have been sued in a personal capacity because they were employees acting on behalf of a principal corporation, Innovative. But an agent working on behalf of a principal remains liable for wrongful actions in the course of her agency. Cal. Civ. Code § 2343(3). And an agent who knowingly participates in a fraudulent transaction is responsible for his or her own misconduct. *Jacobs v. Freeman*, 104 Cal. App. 3d 177, 193 (1980).

Aleo alleges facts that give rise to the Thyssens' personal liability by asserting that "Manfred and Karin Thyssen were officers, employees, and/or agents of Innovative, and acted on behalf of Innovative." (FAC ¶ 4.) There is nothing in the record to show that the Thyssens are incapable of being independently liable for the claims alleged in this action under Cal. Civ. Code § 2343(3). And the pleadings properly allege that it was the Thyssens, not other agents of Innovative, that made the fraudulent misrepresentations to Aleo. Therefore, the Thyssens' argument that they do not have the personal capacity to be sued lacks merit.

## IV.   CONCLUSION

For the foregoing reasons, the Thyssens' Motion to Dismiss Aleo's First Amended Complaint is **DENIED**. The Thyssens have 14 days from the date of this order to answer Aleo's First Amended Complaint.

**IT IS SO ORDERED.**

August 28, 2012

_____
     **OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**